UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DESTRY RITCH
213 Waterstone Way
Bluffton, SC 29910

    Plaintiff

  v.

CSX TRANSPORTATION, INC.
500 Water Street
Jacksonville, FL 32202

    Defendant.

CIVIL ACTION NO.
1:22-cv-00863-BKS-CFH

## AMENDED COMPLAINT AND JURY DEMAND

  COMES NOW the plaintiff, DESTRY RITCH, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

  1. Plaintiff, DESTRY RITCH, is an adult individual residing in Bluffton, SC.

  2. Defendant, CSX TRANSPORTATION, INC., is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, the Northern District of New York.

  3. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant as a Conductor in furtherance of the carriers' business of interstate commerce and transportation by railroad.

4. This action is brought against defendant pursuant to the Federal Employers' Liability Act, 45 United States Code §§51, et seq.

5. On or about January 11, 2020, in the course and scope of his employment for the Defendant, Plaintiff was inspecting his train at Defendant's Selkirk, NY, N. Departure Yard, when he was struck from behind by cars being shoved toward him on an adjacent track, causing Plaintiff to sustain significant personal injuries.

6. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of Defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

    a. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject train yard in a reasonable safe condition;

    b. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to perform his work;

    c. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly and/or safely shove the aforesaid train on the aforesaid adjacent track;

    d. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and to perform the duties of his employment by requiring plaintiff to perform his

assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

e. failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including, but not limited to, the subject train;

f. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide a proper lookout for plaintiff and/or others similarly situated;

g. failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

h. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly maintain and inspect the work site and/or operating practices employed at the work site at issue;

i. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to use safeguards in and around the work site at issue, preventing a dangerous and/or hazardous condition;

j. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide proper training;

k. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the work site at issue in a reasonable safe condition;

l. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to relieve plaintiff from his

aforesaid unsafe duties when defendant knew or should have known that exposure to unsafe and hazardous conditions created and/or placed plaintiff at risk of harm and/or injury;

m. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to access his work area;

n. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with proper access to the area where he was required to work;

o. failing to warn plaintiff of the reasonably dangerous conditions and/or hazardous condition of the work area;

p. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide proper manpower;

q. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly maintain the aforesaid work site in a condition free from the prospect that plaintiff could be struck by a train;

r. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly train its employees and/or crews to operate the aforesaid work site and/or equipment safely;

s. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly train its employees and/or crews to properly shove train cars at the workplace at issue;

t.  failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

u.  failing to use ordinary care to oversee, manage, service and/or maintain the subject work site;

v.  failing to use ordinary care to properly inspect the subject work site to ensure that same was being operated properly and safely;

w.  failing to use ordinary care to properly address safety complaints at the aforesaid facility;

x.  failing to properly maintain the aforesaid work site, and remove the aforesaid improper, dangerous and/or defective conditions and/or work practices in a proper and timely manner;

y.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to have a proper protocol in place to warn of a shoved train on adjacent tracks and/or to assure that workers were not in dangerously close proximity to moving trains;

z.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to have a proper protocol in place for warning workers of moving and/or shoving equipment;

aa. failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the safety of the workplace, particularly as it pertains to the existence and presence of such hazards;

5

bb. failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as more fully described above;

cc. failing to provide plaintiff with a reasonably safe place to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff;

dd. failing to maintain the subject work site so that same was free from the prospect that someone could be struck by a shoved train without proper warning;

ee. failing to properly supervise the area in question so as to furnish to the plaintiff a safe place to work, free from hazards which should have been recognized by defendant as causing or likely to cause the serious physical harm to the plaintiff and others;

ff. failing to see that the premises was in good and safe condition for the plaintiff and others;

gg. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide a safe and proper location to perform the duties of employment; and

hh. failing to use ordinary care to operate the subject train.

7. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, Plaintiff

suffered injuries to his head, back, and tail bone, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of one the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of the Defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of the statutory arbitration limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated: October 10, 2022
      Geneva, New York

                                                    _____
                                                    David D. Benz, Esquire
                                                    Cheney Law Firm, PLLC
                                                    105 Washington Street
                                                    P.O. Box 50
                                                    Geneva, NY 14456
                                                    Phone: (315) 230-4110